# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHASE HOME FINANCE, LLC, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>JOHN W. OLEARY a/k/a JOHN OLEARY, )<br>PATRICIA A. HALFMAN, VILLAGE OF )<br>STONEBRIDGE AT EDWARDSVILLE )<br>HOMEOWNERS ASSOCIATION, INC., )<br>JP MORGAN CHASE BANK, N.A., EHI, INC., )<br>UNITED STATES OF AMERICA, STATE )<br>OF ILLINOIS, UNKNOWN OWNERS, and )<br>NONRECORD CLAIMANTS, )<br>)<br>Defendants. ) | NO. 11-CV-29-WDS |

## ORDER

**STIEHL, District Judge:**

Before the Court is a motion to dismiss defendant United States of America and remand to state court filed by plaintiff JPMorgan Chase Bank, N.A.,[1] on June 16, 2011 (Doc. 9). The United States does not oppose the motion (Doc. 11), and the time for the other defendants to respond has passed. The other named defendants have not entered their appearance or answered the complaint since removal.

Plaintiff filed this foreclosure action originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, case no. 10-CH-1596, naming the United States as a defendant. The United States had recorded a Notice of Federal Tax Lien on the property. Thus the United States

---

[1] JPMorgan Chase Bank, N.A., is the successor to Chase Home Finance, LLC, by merger.

removed to this Court under 28 U.S.C. §§ 1444 and 2410 (Doc. 2). The Court has original jurisdiction of the matter. *See* 28 U.S.C. § 1331. The United States has since released its lien on the property and has no interest in the property (Doc. 9, Ex. B, Certificate of Release of Federal Tax Lien).

Since no defendant has opposed plaintiff's motion to dismiss and remand to state court, the Court hereby **GRANTS** the motion. In doing so, the Court declines to exercise supplemental jurisdiction over the remaining claims. The United States' presence in this suit was the basis for original jurisdiction, and the Court now maintains supplemental jurisdiction under 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over remaining claims if the "court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3).

In deciding whether to decline supplemental jurisdiction over remaining claims, the court should consider judicial economy, convenience, fairness, and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). As a general rule, however, when all federal claims have been dismissed before trial, the court should decline to exercise jurisdiction over the remaining state claims. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Wright*, 29 F.3d at 1252. Three exceptions to the general rule are when (1) the state claims are barred by statute of limitations, (2) substantial judicial resources have already been expended on the state claims, and (3) it is clearly apparent how the state claim is to be decided. *Williams*, 509 F.3d at 404. Plaintiff presumably would not move for remand if its claims were barred by statute of limitations. The Court has not expended substantial resources; it is still early in this case and the other defendants have not even answered the complaint. And it is not clearly apparent based on this Court's decisions how the state claims will be decided. *See Williams*, 509 F.3d at 404 (the court's reasoning as to § 1983 claims did not reach

issues dispositive of the state claims); *Sellars v. City of Gary*, 453 F.3d 848, 852 (7th Cir. 2006) ("If the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter to the state court." (quoting *Rothman v. Emory Univ.*, 123 F.3d 446, 454 (7th Cir. 1997)). Thus the exceptions to the general rule are not present. Accordingly, the Court declines to exercise jurisdiction over the remaining state claims.

For the foregoing reasons, the Court hereby **GRANTS** plaintiff's motion (Doc. 9). Defendant United States of America is **DISMISSED** with each party to bear its own costs. Further, the Court **FINDS**, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay in the entry of final judgment as to the United States. The Clerk of Court is therefore **DIRECTED** to enter judgment dismissing the claim involving the United States. This action is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:** August 8, 2011

/s/ **WILLIAM D. STIEHL**
**DISTRICT JUDGE**